**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PM-INTERNATIONAL AG, a Luxembourg corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARZENA JONAK, an individual doing business as herself and as Ever Trumpers, LLC; and REVOLUTIONARY RELIEF, INC., a Delaware corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PM-International AG ("Plaintiff"), by and through its undersigned counsel, hereby brings this action against Defendants Marzena Jonak, as an individual and as one doing business as Ever Trumpers, LLC, and Revolution Relief, Inc. (together, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for Defendants' infringement of Plaintiff's federally registered NTC trademark in violation of § 32(a) of the Lanham Act, 15 U.S.C. § 1114(1); for Defendants' federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for Defendants' deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILS 505/1 *et seq*.; for Defendants' common law infringement; and for Defendants' common law unfair competition. Accordingly, Plaintiff seeks, among other relief, a permanent injunction to prevent Defendants from continuing to use an infringing mark and from

otherwise competing unfairly with Plaintiff; actual damages for Defendants' infringing conduct; treble damages for Defendants' willful misconduct; and the reasonable attorney's fees and costs incurred by Plaintiff in prosecuting this action.

## THE PARTIES

2. Plaintiff is a Société anonyme organized under the laws of Luxembourg, with its principal place of business at 15, Wäistroos, L-5445, Schengen, Luxembourg.

3. Upon information and belief, Defendant Marzena Jonak ("Jonak") is an individual who resides in and conducts business in this District. Upon further information and belief, Jonak can be served with process at her residence at 2575 Saint Johns Avenue, Highland Park, Illinois 60035.

4. Upon information and belief, Jonak is doing business as herself and under the name "Ever Trumpers, LLC."

5. Upon information and belief, Jonak is a co-founder, owner, and principal of Defendant Revolutionary Relief, Inc. ("RRI"). Upon further information and belief, in her capacity as co-founder, owner, and principal of RRI, Jonak directs the activities of RRI, has personally participated in and caused RRI to engage in the acts complained of herein, and is the moving force behind such acts.

6. Upon information and belief, Jonak has gained a financial benefit from her participation in the acts of RRI complained of herein.

7. Upon information and belief, Defendant RRI is a corporation organized under the laws of the State of Delaware, with a principal place of business at 333 Las Olas Way, Suite 100, Ft. Lauderdale, Florida 33301, and a second place of business located at 2575 Saint Johns Ave.,

Highland Park, Illinois 60035. Upon further information and belief, RRI has never registered to do business in Florida or Illinois.

8. Upon information and belief, Revolutionary Relief, Inc. can be served with process through service on its co-founder, owner, and principal Jonak at 2575 Saint Johns Ave., Highland Park, Illinois 60035. Upon further information and belief, RRI can also be served with process through service on its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of the instant action pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367, and further has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants Jonak and RRI because such entities reside in and/or are transacting business in this District. A true and correct printout of an advertisement for RRI promoting its services as being provided from Highland Park, Illinois, is attached as Exhibit 1.

11. This Court also has personal jurisdiction over Defendants because Defendants committed a tortious act within this District. In particular, upon information and belief, Defendants have used an infringing mark to identify and promote Defendants' cannabis-based products and to sell such infringing products in this District.

12. A substantial part of the unlawful acts and violations hereinafter described have occurred and are occurring within this District, and the interstate trade and commerce hereinafter is affected, in part, within this District. Therefore, venue is appropriate in this Court pursuant to the provisions of 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

13. Plaintiff is the owner of the mark NTC ("NTC Mark") for cosmetics creams; food supplements for medical use; vitamin and mineral preparations adapted for medicinal purposes; dietetic proteins adapted for medical purposes, namely, protein supplements to aid digestion; mineral food supplements, adapted for medical purposes; food supplements, not for medical purposes, with or without vitamins and/or mineral nutritions and/or trace elements; all aforementioned goods in the form of capsules and powders; and preparations for making fruit drink beverages (collectively, "Creams, Supplements, and Powders"), and has been using such mark in the United States since at least as early as 2012. Plaintiff is also the owner of U.S. Registration No. 4,315,282 of the NTC mark (the "NTC Registration"). True and correct copies of USPTO records for such Registration are attached as Exhibit 2.

14. The NTC Registration has become incontestable under 15 U.S.C. § 1065. True and correct copies of PTO records reflecting such status are included as part of Exhibit 2. Accordingly, this registration constitutes conclusive evidence of the validity of the NTC Mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the mark in commerce under 15 U.S.C. § 1115(b).

15. One of the ways in which Plaintiff uses its NTC Mark is in the following design ("NTC Logo"):



16.     Below are examples of Plaintiff's prominent use of the NTC Logo on the labels of some of its Creams, Supplements, and Powders:

  

17.     Plaintiff promotes and sells its Creams, Supplements, and Powders throughout the world under the NTC Mark and NTC Logo, and first began use of the NTC Mark and NTC Logo in Europe in 2000.

18.     Plaintiff extensively promotes its Creams, Supplements, and Powders under the NTC Logo through Plaintiff's website at pm-international.com.  True and correct copies of printouts from pm-international.com dated February 2, 2023, are attached as Exhibit 3.

19. Plaintiff also markets and sells its Creams, Supplements, and Powders under the NTC Logo through Plaintiff's fitline.com website. True and correct copies of printouts of screenshots from fitline.com that were obtained on February 2, 2023, are attached as Exhibit 4.

20. Plaintiff also promotes its Creams, Supplements, and Powders under the NTC Logo and NTC Mark on social media. True and correct copies of printouts made on January 11, 2023 and/or February 2, 2023 from Plaintiff's Facebook and Instagram pages showing use of the NTC Logo and/or NTC Mark are attached as Exhibits 5 and 6.

21. Plaintiff also produces videos to promote their Creams, Supplements, and Powders under the NTC Logo. True and correct printouts of screenshots obtained on February 2, 2023, from YouTube showing use of the NTC Logo are attached as Exhibit 7.

22. Since 2012, Plaintiff has spent substantial amounts to advertise and promote throughout the United States and worldwide its Creams, Supplements, and Powders under the NTC Mark and NTC Logo. As a result of such advertising and promotion, and as evidenced by Plaintiff's NTC Registration, the NTC Mark and NTC Logo have become well known and widely accepted and respected by the consuming public and in the trade. As a further result of such advertising, and as evidenced by Plaintiff's NTC Registration, the NTC Mark and NTC Logo have become distinctive, identifying products and services emanating only from Plaintiff, and symbolize extremely valuable goodwill, all as evidenced by Plaintiff's' substantial revenues from sales of Creams, Supplements, and Powders under the NTC mark and NTC Logo in the United States since 2012.

23. One of the primary ways in which Plaintiff markets and sells its Creams, Supplements, and Powders under the NTC Mark and NTC Logo is through a multi-level marketing program. Through this program, Plaintiff contracts with independent distributors who promote and

sell Creams, Supplements, and Powders through direct sales to customers. The independent distributors in Plaintiff's programs are called "Team Players."

24. Each Team Player is trained in how to market and sell Plaintiff's Creams, Supplements, and Powders, and through such training becomes very familiar with Plaintiff's products and all of Plaintiff's brands, including the NTC Mark and NTC Logo.

25. On June 23, 2014, Defendant Jonak registered online with Plaintiff to become a Team Player. In registering, Jonak agreed to the Terms and Conditions shown in the Registration Form attached as Exhibit 8.

26. Plaintiff regularly posts communications, policy updates, product information, and guidelines that are accessible to all Team Players, and Team Players are expected to become familiar with same. The Guidelines of Use of Trademarks, Logos, Brands and Names for Team Partners attached as Exhibit 9 were posted to all Team Players' accounts, including Jonak's account, in 2016.

27. Defendant Jonak is very familiar with the NTC Mark and NTC Logo. Below is a screenshot from a promotional video that she made to promote Plaintiff's products in which she shows a product labeled with the NTC Logo to the audience:



28.     Upon information and belief, with knowledge of Plaintiff's rights in and to the NTC Mark and NTC Logo, Defendants have adopted and are using the logo shown below (the "Infringing Logo") and are using such Infringing Logo to identify and promote cannabis-based dietary supplements and roll-on products (collectively, the "Cannabis Supplements and Roll-Ons"):



29.     Defendants have used and are using the Infringing Logo to promote their Cannabis Supplements and Roll-Ons on their websites at revolutionaryrelief.com and revrelief.com. True

and correct printouts made on February 2, 2023, from Defendants' revolutionaryrelief.com and revrelief.com websites are attached as Exhibits 10 and 11, respectively.

30. True and correct copies of printouts made on February 2, 2023, from Defendant's social media sites on Facebook and Instagram showing use of the Infringing Logo are attached as Exhibits 12 and 13, respectively.

31. Upon information and belief, Defendants have adopted and are advertising and using the Infringing Logo to identify and promote their Cannabis Supplements and Roll-Ons for the purpose of 1) trading on the goodwill and reputation of Plaintiff and its NTC Mark and NTC Logo; 2) capitalizing on Plaintiff's financial investments in advertising and promoting Plaintiff's NTC brand Creams, Supplements, and Powders; and 3) misleading the purchasing public into believing that Defendants and their Cannabis Supplements and Roll-Ons are legitimately connected to or affiliated with Plaintiff.

32. Upon information and belief, Defendants are advertising and promoting their Cannabis Supplements and Roll-Ons under the Infringing Logo in a manner calculated to call to mind Plaintiff's NTC Mark and NTC Logo and to create the false impression that Defendants' Cannabis Supplements and Roll-Ons originate from or are affiliated, connected, or associated with Plaintiff and/or that such products have the sponsorship or approval of Plaintiff. The public is likely to be misled or deceived by the false impression arising from Defendants' use of the Infringing Logo for Defendants' Cannabis Supplements and Roll-Ons.

33. Defendants' advertising and promotion of their Cannabis Supplements and Roll-Ons under the Infringing Logo are likely to cause confusion, mistake, and deception as to the source and origin of such products.

34. On April 7, 2022, Defendant Jonak, d/b/a Ever Trumpers LLC, applied for a registration of the Infringing Logo, the application for which was assigned Application Serial No. 97351739 (the "739 Application"). True and correct copies of USPTO records for the 739 Application are attached as Exhibit 14.

35. On January 12, 2023, Plaintiff's counsel sent a letter to Jonak notifying Defendants of Plaintiff's exclusive rights in the NTC Mark and NTC Logo, and demanding that Defendants discontinue and refrain from their infringing, unfair, and improper conduct and withdraw the 739 Application. A true and correct copy of such letter (without enclosures) is attached as Exhibit 15. On January 12, 2023, Ms. Jonak sent a short email requesting a copy of her agreement with Plaintiff. A true and correct copy of that email is attached as Exhibit 16.

36. On January 23, 2023, Jonak responded to the letter from Plaintiff's counsel, in which she denied any infringement, but said that she "would take steps to change my stamp." A true and correct copy of her email is attached as Exhibit 17.

37. On January 25, 2023, Plaintiff's counsel sent a reply to Jonak again demanding that she immediately cease all use of the Infringing Logo and withdraw the 739 Application. A true and correct copy of such letter is attached as Exhibit 18. Jonak did not respond to such letter, and Defendants continue to identify and promote their Cannabis Supplements and Roll-Ons under the Infringing Logo, and have taken no steps to withdraw the 739 Application.

38. It appears that since receiving letters from Plaintiff's counsel, Defendants made a very minor change to many uses of their Infringing Logo by changing "NTC" to "NT" in some of the photos of their products on their websites and elsewhere. A true and correct printout made on February 3, 2023, of a February 1, 2023 post from Defendants' Facebook page showing the Infringing Logo with "NT" instead of "NTC" and a true and correct printout made on February 6,

2023, from Defendants' revolutionaryrelief.com website showing the Infringing Logo with "NT" instead of "NTC" are attached as Exhibit 19. This minor change to the Infringing Logo is virtually imperceptible and continues to create a likelihood of confusion with and infringe Plaintiff's NTC Mark and NTC Logo. Such a minor change to the Infringing Logo is also too close to the margin line for someone who has already infringed a mark and allows Defendants to continue to capitalize on their infringing acts and trade on Plaintiff's goodwill symbolized by the NTC Mark and NTC Logo in violation of the "safe distance" rule.

39. Defendants are also continuing to use the Infringing Logo without the minor change from "NTC" to "NT" as of the date of this Complaint, as shown in the printout made on February 6, 2023, from Defendant's revolutionaryrelief.com website attached as Exhibit 20.

40. Defendants' continuing use of the Infringing Logo demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of Defendants' customers and potential customers and to trade on Plaintiff's goodwill by implying a connection or relationship between Defendants' Cannabis Supplements and Roll-Ons, on one hand, and Plaintiff's NTC brand Creams, Supplements and Powders, on the other, as a result of which Defendants have been and will continue to be unjustly enriched.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

41. Plaintiff incorporates by reference and realleges Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Defendants' use of the Infringing Logo in connection with Cannabis Supplements and Roll-Ons is likely to cause confusion, to cause mistake, or to deceive persons into the

erroneous belief that Defendants' Cannabis Supplements and Roll-Ons originate from or are authorized or sponsored by, or are in some way connected with, Plaintiff.

43. Defendants' use of the Infringing Logo constitutes infringement of Plaintiff's federally registered NTC Mark in violation of Section 32(1) of the Lanham Act, as amended, 15 U.S.C. § 1114.

44. Defendants have actively and recklessly or knowingly committed their acts of trademark infringement and thereby caused such infringement.

45. Defendant Jonak has actively participated as a moving force in the decision to engage in such trademark infringement.

46. Defendant Jonak caused the trademark infringement as a whole to occur.

47. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

48. This case is exceptional under 15 U.S.C. § 1117, entitling Plaintiff to the reasonable attorneys' fees incurred in prosecuting this action.

## SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125 (a))

49. Plaintiff incorporates by reference and realleges Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

50. Defendants' unauthorized use of the Infringing Logo constitutes a false designation of origin and false description, and falsely represents to the public an affiliation, connection, or association of Defendants' Cannabis Supplements and Roll-Ons with Plaintiff or an approval of Defendants' Cannabis Supplements and Roll-Ons by Plaintiff.

51. By engaging in the aforesaid acts, Defendants have falsely represented to the public that their Cannabis Supplements and Roll-Ons are legitimately affiliated or connected with Plaintiff, have falsely described that their Cannabis Supplements and Roll-Ons are sponsored or approved by Plaintiff, and have falsely designated that their Cannabis Supplements and Roll-Ons originate from Plaintiff.

52. The aforesaid acts of Defendants constitute violations of Section 43 (a) of the Lanham Act, as amended, 15 U.S.C. § 1125 (a).

53. Defendants have actively and recklessly or knowingly committed their acts of unfair competition and thereby caused such unfair competition.

54. Defendant Jonak has actively participated as a moving force in the decision to engage in such unfair competition.

55. Defendant Jonak caused the unfair competition as a whole to occur.

56. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

57. This case is exceptional under 15 U.S.C. § 1117, entitling Plaintiff to the reasonable attorneys' fees incurred in prosecuting this action.

### THIRD CLAIM FOR RELIEF

### COMMON LAW TRADEMARK INFRINGEMENT

58. Plaintiffs incorporate by reference and realleges Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

59. Defendants have violated and infringed Plaintiff's common law rights in the NTC Mark and NTC Logo in violation of the common law of Illinois.

60. Defendants have actively and recklessly or knowingly committed their acts of trademark infringement and thereby caused such infringement.

61. Defendant Jonak has actively participated as a moving force in the decision to engage in such trademark infringement.

62. Defendant Jonak caused the trademark infringement as a whole to occur.

63. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## COMMON LAW UNFAIR COMPETITION

64. Plaintiff incorporates by reference and realleges Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

65. Defendants' aforesaid acts constitute unfair competition in violation of the common law of Illinois in that:

(a) Said acts enable and will continue to enable Defendants to obtain the benefit of and trade on the goodwill of Plaintiff;

(b) Said acts damage and will continue to damage Plaintiff's goodwill in that Plaintiff does not have control over the business and services of Defendants;

(c) Said acts have caused and are likely to continue to cause confusion, mistake or deception of the public; and

(d) Said acts will result in the unjust enrichment of Defendants.

66. Defendants have actively and recklessly or knowingly committed their acts of unfair competition and thereby caused such unfair competition.

67. Defendant Jonak has actively participated as a moving force in the decision to engage in such unfair competition.

68. Defendant Jonak caused the unfair competition as a whole to occur.

69. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which, Plaintiff is without an adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

### DECEPTIVE TRADE PRACTICES

70. Plaintiff incorporates by reference and realleges Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

71. Defendants' aforesaid acts constitute deceptive trade practices in violation of unfair competition in violation of 815 ILCS 510/1 *et seq*.

72. Defendants have actively and recklessly or knowingly committed their acts of unfair competition and thereby caused such unfair competition.

73. Defendant Jonak has actively participated as a moving force in the decision to engage in such unfair competition.

74. Defendant Jonak caused the unfair competition as a whole to occur.

75. The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, as a result of which, Plaintiff is without an adequate remedy at law.

76. Defendants have willfully engaged in deceptive trade practices, entitling Plaintiff to recover its costs and attorney's fees under 815 ILCS 510/3.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) That judgment on the Complaint be entered for Plaintiff and against Defendants;

(b) That Defendants, their affiliated entities, servants, agents, representatives, employees, agents, and successors, and all other persons in active concert or participation with any or all of them, be enjoined and restrained from the following acts:

(1) Using, in the advertisement, promotion, rendering, offering for sale, and sale of Cannabis Supplements and Roll-Ons and/or any other goods or services the Infringing Logo and/or any other colorable imitation of Plaintiff's NTC Mark and/or NTC Logo;

(2) Expressly or impliedly representing to customers, potential customers, or the public that Defendants, their Cannabis Supplements and Roll-Ons, and/or any other goods or services originate from Plaintiff, or are affiliated in any way with Plaintiff, or Plaintiff's Creams, Supplements, and Powders;

(3) Representing by words or conduct that Defendants' Cannabis Supplements and Roll-Ons or any other goods or services originate from or are authorized by, sponsored by, endorsed by, or otherwise connected with Plaintiff or Plaintiff's Creams, Supplements and Powders;

(4) Doing any other acts calculated, or likely, to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendants' Cannabis Supplements and Roll-Ons or any other goods or services originate from or are authorized, sponsored, licensed, endorsed, or promoted by Plaintiff;

(5) Otherwise infringing Plaintiff's NTC Mark or NTC Logo; and

        (6)    Competing unfairly with Plaintiff in any manner;

(c)    That Defendants be ordered to expressly abandon the 739 Application;

(d)    That the Court find Defendants' acts of infringement, unfair competition and dilution to be willful;

(e)    That Plaintiff be awarded its actual damages, as alleged, in an amount to be proven at trial.

(f)    That Plaintiff receive from Defendants three times Plaintiff's actual damages caused by the acts of Defendants, and Defendants' profits from any revenues earned from the marketing and selling of Cannabis Supplements and Roll-Ons and any other goods and services under the Infringing Logo;

(g)    That this case be found to be exceptional under 17 U.S.C. § 1117 and that Defendants be required to pay Plaintiff exemplary and punitive damages, the costs of this action, together with reasonable attorney's fees and disbursements;

(h)    That the Court find that Defendants willfully engaged in deceptive trade practices and award Plaintiff its attorney's fees under 815 ILCS 510/3;

(i)    That Defendants be ordered to deliver up for destruction all products, inventory, labels, signs, prints, insignia, brochures, and any other written or recorded material or advertisements in Defendants' possession or control containing the Infringing Logo and/or any colorable imitation thereof;

(j)    That Defendants be required, in accordance with 15 U.S.C. § 1116, to file with this Court and serve on Plaintiff within thirty (30) days from the date of entry of any injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction; and

  (k)  That Plaintiff be awarded such other and further relief as the Court deems just and equitable.

Dated: February 7, 2023

                    By: /s/ Rebecca R. Kaiser
                        Attorney for Plaintiff
                        PM-INTERNATIONAL AG

Rebecca R. Kaiser
SMITH, GAMBRELL & RUSSELL, LLP
10 South LaSalle Street, Suite 3600
Chicago, Illinois 60603
Phone: 312-264-1010
Fax: 312-264-2630
rfournier@sgrlaw.com

## **DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a trial by jury in this action.

Dated: February 7, 2023

                                      By:   /s/ Rebecca R. Kaiser _____
                                               Attorney for Plaintiff
                                               PM-INTERNATIONAL AG

Rebecca R. Kaiser
SMITH, GAMBRELL & RUSSELL, LLP
10 South LaSalle Street, Suite 3600
Chicago, Illinois 60603
Phone: 312-264-1010
Fax: 312-264-2630
rfournier@sgrlaw.com