IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PM-INTERNATIONAL AG, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 23-cv-00747 |
| v. | )<br>) Honorable Jorge L. Alonso |
| | ) |
| MARZENA JONAK, an individual doing business as herself and as Ever Trumpers, LLC; and REVOLUTIONARY RELIEF, INC., | ) Honorable M. David Weisman (Magistrate)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## JOINT MOTION TO ENTER CONSENT JUDGMENT

The parties to the above-captioned case jointly move for entry of a Consent Judgment, attached as Exhibit A. In further support, the parties state as follows:

1. The Court has jurisdiction of the subject matter and persons of the parties hereto.

2. Venue properly lies within this District.

3. Plaintiff PM-International, AG, filed this case against Defendants Marzena Jonak and Revolutionary Relief, Inc. (collectively, "Jonak") for trademark infringement.

4. The parties have agreed to settle this matter, pursuant to the entry of the proposed Consent Judgment.

5. Jonak has agreed to cease the infringing use of certain logos as set forth in the proposed Consent Judgment.

6. To enforce that agreement, the parties have agreed to the entry of a permanent injunction and to a procedure for the enforcement of the permanent injunction.

1

For the reasons set forth above, the parties respectfully request this Court to enter the attached Consent Judgment.

Dated: December 8, 2023                   By: /s/ Stephanie D. Jones

                                                                   Attorney for Plaintiff
                                                                   PM-INTERNATIONAL AG

Stephanie D. Jones
SMITH, GAMBRELL & RUSSELL, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: 312-264-1008
Fax: 312-264-2629
sdjones@sgrlaw.com

Elizabeth Borland
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree St. N.E.
Suite 1000
Atlanta, GA 30309 USA
Phone: 404-815-3500
FAX: 404-815-3509
eborland@sgrlaw.com

                                                                       By: /s/ Marzena Jonak

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                                      By: /s/Stephanie D. Jones
                                                                        Attorney for Plaintiff
                                                                        PM-INTERNATIONAL AG

Stephanie D. Jones
SMITH, GAMBRELL & RUSSELL, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: 312-264-1008
Fax: 312-264-2629
sdjones@sgrlaw.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PM-INTERNATIONAL AG,<br><br>    Plaintiff,<br><br>v.<br><br>MARZENA JONAK, an individual doing business as herself and as Ever Trumpers, LLC; and REVOLUTIONARY RELIEF, INC.,<br><br>    Defendants. | Case No. 23-cv-00747<br><br>Honorable Jorge L. Alonso<br><br>Honorable M. David Weisman (Magistrate) |

## **CONSENT JUDGMENT**

Plaintiff PM-International AG ("Plaintiff") and Defendants Marzena Jonak, individually and doing business as Ever Trumpers, LLC, and Revolutionary Relief, Inc. ("Defendants"), having reached an agreement for the purpose of compromising and resolving the dispute between them and having consented to entry of this Judgment, either personally or through their undersigned counsel, and after consideration, it is hereby ORDERED, ADJUDGED and DECREEDD as follows:

1. The Court has jurisdiction of the subject matter of this action and the persons of the parties hereto.

2. Venue lies properly within this District.

3. Plaintiff is the owner of the NTC word mark and the logo shown below for creams, powders and supplements with various uses, including relief of muscle fatigue and soreness, and Plaintiff's NTC products have anti-oxidant, anti-aging and other properties ("Health and Beauty Products"):

1



4. Plaintiff puts its NTC Logo on its Health and Beauty Products as a type of stamp as shown below, and the NTC Logo signifies that each of Plaintiff's Health and Beauty products is manufactured with Plaintiff's exclusive Nutrient Transport Concept (NTC) technology through which ingredients are delivered where they are needed at the cellular level:



5. Plaintiff is also the owner of U.S. Registration No. 4,315,282 of its NTC Mark on the Principal Register maintained by the United States Patent and Trademark Office for cosmetic creams; food supplements for medical use; vitamin and mineral preparations adapted for medical purposes; dietetic proteins adapted for medical purpose, namely, protein supplements to aid digestion; mineral food supplements, adapted for medical purposes; food supplements, not for medical purposes, with or without vitamins and/or mineral nutritions and/or trace elements; all aforementioned goods in the form of capsules, powders; powdered milk for effervescent beverages. Such registration has become incontestable.

6. As a result of Plaintiff's use of the NTC word mark and NTC Logo ("NTC Marks") since 2012, Plaintiff's NTC Marks have become well known and widely accepted by the

consuming public and in the trade, have become distinctive, identifying products emanating only from Plaintiff, and symbolize extremely valuable goodwill.

7. Plaintiff has a valid protectable and enforceable interest in the NTC Marks.

8. Defendant Jonak became an independent distributor for Plaintiff's U.S. subsidiary PM-International Nutrition and Cosmetics, Inc. ("PM-USA") in 2014 and was trained on how to market and sell Plaintiff's Health and Beauty Products through a multi-level marketing program. As an independent distributor, Jonak was familiar with Plaintiff's NTC Marks and Plaintiff's Nutrition-Transfer Concept technology associated with the NTC Marks and Plaintiff's Health and Beauty Products. She made promotional videos of herself marketing Plaintiff's Health and Beauty Products with the NTC Logo stamp.

9. In 2022, Defendant Jonak started a business to market and sell roll-on creams and supplements with anti-inflammatory, anti-oxidant, and other properties. As part of her business plan, she created the following logo ("Defendants' NTC Logo"), and on April 7, 2022, using the name "Ever Trumpers LLC," she filed U.S. Application Serial No. 97/351,739 to register Defendants' NTC Logo in the U.S. Patent and Trademark Office:



10. Defendant Jonak and her company RRI began stamping Defendants' NTC Logo on their products to indicate that Defendants' products were developed using the "Nano-Transfer Concept" through which ingredients are delivered to the cellular level:

3



11. Defendants' NTC Logo is confusingly similar to and creates a likelihood of confusion with Plaintiff's NTC Marks.

12. Defendant Jonak never obtained permission from PM-USA to market and sell any products that compete with Plaintiff's products and had no authorization to use Defendants' NTC Logo on any goods or services. Such conduct by Defendant Jonak was in breach of the Terms and Conditions of her independent distributor agreement with PM-USA.

13. After learning of Defendants' use of the NTC Logo on products that compete with Plaintiff's Health and Beauty Products, PM-USA blocked Jonak from accessing her account to purchase Plaintiff's products and submit requests for commissions in order to investigate Defendants' conduct. Jonak has not collected any commissions since December 2022. Since December 2022, Jonak has incurred approximately $800 in commissions.

14. In early 2022, Plaintiff's counsel sent letters to Defendant Jonak notifying her of Plaintiff's NTC Marks and of her infringement of such Marks and demanding that she cease all use of the NTC Logo in any manner.

15. After receiving letters from Plaintiff's counsel about Plaintiff's NTC Marks, Defendants changed "NTC" to "NT" in some uses of their Logo as shown below ("First Modified Logo"):



16. The First Modified Logo is confusingly similar to and creates a likelihood of confusion with and infringes Plaintiff's NTC Marks. The First Modified Logo is also too close to the margin line for someone who has already infringed a mark and allows Defendants to continue to capitalize on their infringing acts and trade on Plaintiff's goodwill symbolized by Plaintiff's NTC marks in violation of the "safe distance" rule. *E.g.*, *Mon Ros In'l v. Anesthesia USA, Inc.*, 2018 BL 6095 (N.D. Ill. Jan. 8, 2019) (defendants were in contempt of permanent injunction when they modified their mark because they did not keep safe distance from margin line between compliance and violation); *Processed Plastic Co. v. Warner Bros.*, 218 U.S.P.Q. 85 (N.D. Ill. 1982) (defendants were in contempt of preliminary injunction where they did not keep safe distance from margin line in modifying their infringing trade dress).

17. After Plaintiff filed this lawsuit, Defendants again modified their logo and began using the following version of their logo ("Second Modified Logo"):



18. The Second Modified Logo is confusingly similar to and creates a likelihood of confusion with and infringes Plaintiff's NTC Marks based on the same factors identified above. The Second Modified Logo is also too close to the margin line for someone who has already infringed a mark and allows Defendants to continue to capitalize on their infringing acts and trade

5

on Plaintiff's goodwill symbolized by Plaintiff's NTC marks in violation of the "safe distance" rule.

19. Defendants' adoption, advertisement, and use of their NTC Logo, First Modified Logo, and Second Modified Logo ("Infringing Marks") in connection with the promotion and sale of Defendants' supplements and roll-on creams have caused and are likely to continue to cause confusion, mistake, and deception as to the source and origin of Defendants' products.

20. Defendants have used the Infringing Marks in commerce.

21. Plaintiff is being irreparably harmed by Defendants' adoption, advertisement, and use of the Infringing Marks.

22. The actions of Defendants, their agents, officers, employees, and representatives constitute trademark infringement in violation of 15 U.S.C. § 1114(a).

23. The actions of Defendants, their agents, officers, employees, and representatives constitute unfair competition in violation of 15 U.S.C. § 1125(a).

24. The actions of Defendants, their agents, officers, employees, and representatives constitute trademark infringement in violation of the common law of Illinois.

25. The actions of Defendants, their agents, officers, employees, and representatives constitute unfair competition in violation of the common law of Illinois.

26. The actions of Defendants, their agents, officers, employees, and representatives constitute deceptive trade practices in violation of 815 ICLS 510/1 *et seq*.

27. Jonak is a principal and owner of Defendant RRI, which she co-founded in March 2023 to market and sell creams and supplements under the NTC Logo. As co-founder, owner, and principal of RRI, Jonak directs the activities of RRI, has personally participated in and caused RRI to engage in the acts of RRI alleged in the Complaint, and is the moving force behind such acts.

Jonak also has gained a financial benefit from her participation in the acts of RRI alleged in the Complaint. As a result, Defendant Jonak is personally liable for the infringing actions of RRI. *See Peaceable Planet, Inc. v. Ty, Inc.*, 185 F.Supp.2d 893 (N.D. Ill. 2002).

28. A court may enter a permanent injunction when the plaintiff shows that (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balancing of hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) the public interest would not be disserved by a permanent injunction. *E.g., American Taxi Dispatch, Inc. v. American Metro Taxi & Limo Co.*, 582 F.Supp.2d 999 (N.D. Ill. 2008) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006)).

29. Defendants are continuing and are likely to continue to engage in the activities complained of in this action unless they are prohibited from doing so by order of this Court.

30. Any harm to Defendants caused by entry of an injunction in this case is outweighed by the irreparable harm that will be suffered by Plaintiff if Defendants' infringing actions are not enjoined.

31. Entry of an injunction is in the public interest.

32. Plaintiff is entitled to a permanent injunction. Effective immediately, except as otherwise provided herein, Defendants, their affiliated entities, servants, agents, officers, representatives, employees, agents, successors, and heirs, and all other persons in active concert or participation with any or all of them, are ENJOINED and RESTRAINED from the following acts:

(1) Placing on the label of any supplement, cream or other health or beauty product the Infringing Marks, any mark containing the term "NTC" or "NT," or any colorable imitation of Plaintiff's NTC Marks;

(2) Using, in the advertisement, promotion, merchandising, distribution, offering for sale, and sale of supplements, creams or any other health or beauty products the Infringing Marks, any mark containing the term "NTC" or "NT," or any colorable imitation of Plaintiff's NTC Marks;the

(3) Expressly or impliedly representing to customers, potential customers, or the public that any supplements, creams or other health or beauty products are authorized by, sponsored by, endorsed by, or otherwise connected with Plaintiff;

(4) Representing by words or conduct that Defendants' supplements, creams, or other health or beauty products are authorized by, sponsored by, endorsed by, or otherwise connected with Plaintiff;

(5) Doing any acts calculated, or likely, to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Defendants' supplements, creams, or other health and beauty products are authorized, sponsored, licensed, endorsed, or promoted by Plaintiff, or are otherwise affiliated or connected with Plaintiff;

(6) Otherwise infringing Plaintiff's NTC Marks; and

(7) Competing unfairly with Plaintiff in any manner.

33. In complying with the injunction set forth in Paragraph 32, Defendants shall specifically take the following actions:

(1) Following the date of entry of this Order ("Entry Date"), Defendants shall not distribute or ship to anyone any products containing the Infringing Marks;

(2) Following the Entry Date, Defendants shall not distribute any printed materials, business cards, or other materials that contain any of the Infringing Marks;

(3) Within five (5) business days of the Entry Date; Defendants shall remove all uses of the Infringing Marks from the revolutionrelief.com and revrelief.com websites and any other website over which they exercise control;

(4) Within ten (10) business days of the Entry Date, Defendants shall remove all uses of any of the Infringing Marks from their profiles and home pages on Facebook, Twitter, YouTube, Instagram, and any other social media site controlled by Defendants; and

(5) Within thirty (30) days of the Entry Date, Defendants shall remove all posts, videos and other content containing any of the Infringing Marks from all social media sites over which they exercise control.

34. Before filing any motion to enforce the injunction and steps set forth in Paragraphs 32 and 33 (the "Injunction"), Plaintiff shall provide notice to Defendants, describing with specificity any alleged violation of this Injunction, and shall allow Defendants to remedy any alleged violation of this Injunction within thirty (30) days of receipt of such notice.

35. Defendants are required, in accordance with 15 U.S.C. § 1116, to file with this Court and serve on Plaintiff within sixty (60) days from the date of entry of this Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of the Injunction.

36. Defendant Jonak is terminated as an independent distributor of Plaintiff's products and has no right to any past, present, or future commissions arising from or relating to the sale of Plaintiff's products by Jonak or any other person.

37. Defendant Jonak acknowledges and agrees that she has no claim against Plaintiff or any affiliate of Plaintiff.

38. By entry of this Consent Judgment, the parties have settled all claims and causes of action each has against the other and all affiliates thereof arising out of or related to the claims of Plaintiff's Complaint and/or Defendant Jonak's Counterclaim through the date of this Judgment.

39. This Court retains jurisdiction of this action for the purpose of enforcing the terms of this Consent Judgment and the Injunction imposed by this Judgment.

This ___ day of ____, 2023.

                                                              HONORABLE JORGE L. ALONSO
                                                             UNITED STATES DISTRICT JUDGE

CONSENTED TO BY:

PM-INTERNATIONAL AG

Name: _Draeger_ A. Draeger / A. Delloo
Title: _CFO_ Senior Manager

_[signature]_
MARZENA JONAK

REVOLUTIONARY RELIEF, INC.

_[signature]_
MARZENA JONAK
PRESIDENT

10